

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00149-CR

MICHAEL DEAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 15F0673-005

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

Michael Dean has filed an untimely notice of appeal from a conviction by a Bowie County jury of theft of property valued at less than $1,500.00.[1] We dismiss the appeal for want of jurisdiction.

This Court may consider a direct appeal only if it is filed within the timetables set out by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.1, 25.2, 26.1, 26.2. Under these Rules, a notice of appeal in a criminal case must be filed "within 30 days after the day sentence is imposed or suspended in open court." TEX. R. APP. P. 26.2(a)(1). That thirty-day deadline is extended to ninety days if a motion for new trial is timely filed in the trial court. TEX. R. APP. P. 26.2(a)(2). In the absence of a notice of appeal filed within that time frame, this Court has no jurisdiction to consider the appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998).

The judgment of conviction in this matter indicates that Dean's sentence was imposed on February 24, 2016. Dean timely filed a motion for new trial in the trial court. As a result, the deadline for filing his notice of direct appeal to this Court was May 24, 2016. Dean's pro se notice of appeal was not filed until August 10, 2016, and is, therefore, untimely.

We notified Dean by letter dated August 12, 2016, that his notice of appeal appeared to be untimely and that the appeal was subject to dismissal for want of jurisdiction. We gave Dean five days to respond to our letter and to demonstrate how we had jurisdiction over his appeal

---

[1]*See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2016).

notwithstanding the noted defect. Dean filed a response, through counsel, conceding that this Court lacks jurisdiction to hear this appeal.[2]

Because Dean has not timely perfected his appeal, we dismiss the appeal for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted:     August 24, 2016
Date Decided:      August 25, 2016

Do Not Publish

---

[2]Dean's court-appointed counsel indicated in a prior communication to this Court that he was not notified of his appointment to represent Dean until well after the deadline for filing a notice of appeal had passed and that he was preparing the documentation necessary to seek permission from the Court of Criminal Appeals to file an out-of-time appeal. Given counsel's prior acknowledgement that Dean's notice was untimely, we shortened the response time to our jurisdictional defect letter from ten days to five days.